Adam B. Nach – 013622
Joel F. Newell- 025296
**LANE & NACH, P.C.**
2001 East Campbell Avenue. Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: adam.nach@lane-nach.com
Email: joel.newell@lane-nach.com

Attorneys for Stanley J. Kartchner, Trustee

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | (Chapter 7 Case) |
| TERRY and DORRICE SARTIN, | No. 4:08-bk-15550-BMW |
| Debtors. | **TRUSTEE'S APPLICATION TO EMPLOY SPECIAL COUNSEL ON A CONTINGENCY FEE BASIS; DECLARATION SPECIAL COUNSEL** |

Stanley J. Kartchner, Trustee, by and through his attorneys undersigned and pursuant to 11 U.S.C. §327, herein makes application to this Court for an Order approving the employment of Special Counsel to perform professional services on behalf of this Estate.  In support of this Application, Trustee respectfully represents as follows:

1.  This case was commenced by a Voluntary Petition filed by the Debtors under Chapter 7 of Title 11, United States Code, on November 2, 2008.

2.   Stanley J. Kartchner is the duly appointed and acting Trustee of the Chapter 7 Estate (hereinafter "Trustee").

3.  Among the assets of this Estate is a pending claim against Eddie Ray Inman, fka Inman Bonding, Company (hereinafter "Claim"). Trustee has determined that the Claim is non-exempt and could generate funds for the Estate.

4.  On or about May 7, 2012 Debtors hired William K. Wright ("Wright") and William R. Higgins

("Higgins") (collectively "Special Counsel") to represent Dori Lewis with respect to the Claim. The parties entered into a forty percent contingency fee agreement, a copy of which is attached hereto and incorporated herein as **Exhibit "A".**

5. It is the Trustee's understanding and belief that the Claim is still pending and therefore, any settlement proceeds obtained there from are considered property of this Chapter 7 Estate.

6. Trustee desires to continue the employment of Special Counsel to represent the Estate, solely with reference to the pending Claim. Trustee has selected Special Counsel because of its knowledge of the pending Claim which it has handled from the outset. Trustee believes Special Counsel is qualified to assist the Trustee and Estate in this matter. Trustee believes that considering the expertise of Special Counsel and the nature of the service to be performed, that the services to be rendered by Special Counsel will be of material benefit to the Trustee and this Estate.

7. The professional services to be rendered by Special Counsel on behalf of this Estate include: (a) providing the Trustee and his counsel, legal advice with respect to the Claim; (b) preparing on behalf of the Trustee, any pleadings and other documents necessary in connection with its representation of the Estate; (c) representing the Trustee at hearings and during other court appearances which may be necessary pertaining to these proceedings; and, (d) performing such other related services as are in the best interest of this Estate.

8. As stated above, the parties had entered into a contingency fee agreement. Special Counsel will represent the Estate at the same rate, plus reimbursement of out-of-pocket costs. Such rate is the normal fee for this type of litigation. Special Counsel is aware that aggregate and/or collective attorney fees shall be no more than the percentage set forth in the contingency fee agreement.

9. Special Counsel further understands that any final compensation must be approved by the Court pursuant to the provisions of 11 U.S.C. §330.

10. Trustee has determined that the employment of Special Counsel is in the best interest of the

Estate. Trustee is satisfied from the Declarations attached hereto as **Exhibit "B"** that Special Counsel does not represent or hold any interest adverse to the Debtors or to the Estate with respect to the matter on which such attorney is to be employed within the meaning of 11 U.S.C. §327(e).

WHEREFORE, Stanley J. Kartchner, Trustee, respectfully requests that this Court enter its Order approving the employment of William K. Wright and William R. Higgins as co-Special Counsel on behalf of this Estate; and, for such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 6th day of May, 2015.

**LANE & NACH, P.C.**


By___JFN – 025296_____
         Adam B. Nach
         Joel F. Newell
         Attorney for Trustee


COPY of the foregoing mailed/delivered via electronic notification

Linda A. Lory
**Law Office of Linda Lory**
1025 N. Bankard
Nogales, AZ 85621
Email: silviano61@hotmail.com
Attorney for Debtors

Office of U.S. Trustee
230 North First Avenue
Phoenix, AZ 85003
Email: Renee.S.Shamblin@usdoj.gov


By ___/s/ Danica Acosta_____

*In re: Terry and Dorrice Sartin*
*Case No.: 4:08-bk-15550-BMW*

**EXHIBIT "A"**

# CONTINGENT FEE EMPLOYMENT AGREEMENT

THIS documents my attorney fee agreement wherein I hereby retain **William R. Higgins**, Attorney at Law, to represent me in my claim against EDDIE RAY INMAN, FKA INMAN BONDING, COMPANY on the following basis:

1. In the event of settlement before suit is filed, I agree to pay said attorney forty percent (40%) of all monies received on my behalf.

2. In the event of a settlement after a suit is filed, but before or due to mediation or before or at pre-trial, whichever occurs earlier, I agree to pay said attorney forty percent (40%) of all monies received on my behalf.

3. In the event of a settlement after mediation or pre-trial, but prior to trial, I agree to pay said attorney forty percent (40%) of all monies received on my behalf, whether my case has been tried or not.

4. In the event that jury selection has begun and at any time thereafter, I agree to pay said attorney forty percent (40%) of all monies returned on my behalf, whether my case is tried or not.

5. All necessary costs and expenses of said litigation shall be borne and paid by Client.

6. Attorney fees will be deducted from amounts recovered before expenses incurred pursuant to the case (including all reasonable and necessary expenses to pursue to the claim), unless the attorney fees under the contract will be forty percent (40%) of the recovery.

7. I further authorize **William R. Higgins** to retain as co-counsel any lawyer or law firm they deem appropriate, provided it does not increase the amounts listed above.

No settlement of my claim shall be made without my consent. In the event of a structured settlement (periodic future payments), the attorney fee shall be based upon the present cash value of the structured settlement. I agree to give limited power of attorney to endorse any checks or drafts recovered on my behalf whether it be due to property damage, med-pay, settlement or judgment.

I hereby authorize said attorney to advance expenses for litigation on my behalf. In the event no recovery is made, I will owe no attorney fee.

Date _5 - 7 - 2012_    _Donna E Lewis_
                       **Client**

Date _5-14-12_    _William R Higgins_
                  **WILLIAM R. HIGGINS, Attorney**

## Addendum to Contingent Fee Employment Agreement

I hereby authorize attorney Will K. Wright and Wright Law, PLC to be added as my attorney on the foregoing Contingent Fee Employment Agreement regarding Eddie Ray Inman, FKA Inman Bonding Company signed by me on May 7, 2012.

Date _10 - 21 - 2014_

_Darrin Lewis_
Dori Lewis

1    *In re: Terry and Dorrice Sartin*
     *Case No.: 4:08-bk-15550-BMW*
2
                                    **EXHIBIT "B"**
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION

William R. Higgins, declares as follows:

A. I am an attorney duly admitted to practice before all courts of the State of Oklahoma.

B. I am employed by the law firm of Higgins Law, P.C., with offices located in Claremore, Oklahoma, 74018.

C. I was retained by Dori Lewis to represent her with respect to the claim as detailed in the Application. A forty percent contingency fee agreement was entered into between the parties.

D. The law firm of Higgins Law, P.C. and its associates do not represent or hold any interest adverse to Dori Lewis or the Estate with respect to the matter on which I am to be employed.

E. I have read Trustee's Application to Employ Special Counsel annexed hereto and agree with the terms contained therein and understand that any final award of attorneys' fees and costs, as well as any proposed settlement of the claim and all disbursements therefrom are subject to review and approval by the Bankruptcy Court.

Under penalty of perjury under the laws of the State of Arizona and the United States of America, I swear the foregoing is true and correct.

_William R. Higgins_
William R. Higgins

2

## DECLARATION

Wilfred K. Wright, Jr. declares as follows:

A.  I am an attorney duly admitted to practice before all courts of the State of Oklahoma.

B.  I own the law firm Wright Law, PLC, with offices located in Claremore, Oklahoma, 74018.

C.  I was retained by Dorrice Lewis (formerly Sartin) to represent her with respect to the claim as detailed in the Application. A forty percent contingency fee agreement was entered into between the parties.

D.  The law firm of Wright Law, PLC and its associates do not represent or hold any interest adverse to the Debtors or the Estate with respect to the matter on which I am to be employed.

E.  I have read Trustee's Application to Employ Special Counsel annexed hereto and agree with the terms contained therein and understand that any final award of attorneys' fees and costs, as well as any proposed settlement of the claim and all disbursements therefrom are subject to review and approval by the Bankruptcy Court.

Under penalty of perjury under the laws of the State of Arizona and the United States of America, I swear the foregoing is true and correct.

_____
Wilfred K. Wright, Jr.